SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Obed Fuentes-Barnett,

    Petitioner,

v.

Jeff B. Sessions, et al.,

    Respondents.

No.  CV 17-00858-PHX-DGC (JZB)

**ORDER**

Petitioner Obed Fuentes-Barnett, A#206-103-051, filed through counsel a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and has paid the $5.00 filing fee.  Petitioner shortly thereafter filed a motion for a temporary restraining order or a preliminary injunction ("Motion") (Doc. 5).  The Court will require Respondents Sessions, Kelly, and Lucero to answer the § 2241 Petition and a response to the Motion.

**I.      Petition**

In his Petition, Petitioner names as Respondents: Attorney General Jeff B. Sessions; Secretary of the Department of Homeland Security John F. Kelly; Executive Office for Immigration Review Director Juan P. Osuna; Immigration and Customs Enforcement (ICE) Phoenix Field Office Director Enrique Lucero; and United States Immigration Judge (IJ) Richard Phelps.

Petitioner is a native and citizen of Mexico.  Petitioner most recently entered the United States on May 20, 2015.  In July 2016, DHS sought to reinstate Petitioner's prior

order of removal under § 241(a)(5) of the Immigration and Nationality Act (INA). (Doc. 1-1 at 1, Ex. A.)  Petitioner expressed fear of returning to Mexico and was detained by ICE for a Reasonable Fear Interview by the United States Citizenship and Immigration Services' Asylum Office, pursuant to 8 C.F.R. §§ 208.2, 208.30, and 208.31. Reinstatement of Petitioner's previous removal order was suspended.  Petitioner received a positive reasonable fear determination and was referred to the Immigration Court in Eloy, Arizona, where he applied for Withholding of Removal and relief under the United Nations Convention Against Torture (CAT).  An Individual Calendar Hearing (merits hearing) is scheduled for July 18, 2017. (Doc. 1-3 at 2, Ex. C.)

On January 24, 2017, Petitioner filed a motion for bond redetermination in the Immigration Court.  (Doc. 1-4 at 2-22, Ex. D.)  On January 30, 2017, the Immigration Judge (IJ) found that "[a]pplicant is in Withholding Only proceedings" and that the IJ lacked jurisdiction to consider Petitioner's release on bond.  (Doc. 1-5, Ex. E.)  Petitioner remains in DHS custody as a result.

Petitioner contends that he is in "Withholding-Only Proceedings" before the Immigration Court and has been detained longer than six months under the authority of either 8 U.S.C. § 1236(a) or 8 U.S.C. § 1231(a).  Petitioner requested a bond hearing under *Rodriguez v. Robbins* (*Rodriguez III*), 804 F.3d 1060 (9th Cir. 2015).  Petitioner states the IJ denied the request, "reasoning that the holding in *Rodriguez III* does not apply in the District of Arizona and does not apply to individuals whose prior orders of removal have been reinstated pursuant to 8 U.S.C. § 1231(a)(5)."  (Doc. 1 at 2.) Petitioner asks that this Court find that "the holding in *Rodriguez III* applies to aliens whose orders have been reinstated under 8 U.S.C. § 1231(a)(5), and applies to all aliens detained in the Ninth Circuit."  (*Id*. at 3.)  Petitioner further asks the Court to "order Respondents to release Petitioner, or to provide him with a proper bond hearing—where the Immigration Judge must consider whether Petitioner is a danger to the community or flight risk—at the earliest possible opportunity."  (*Id*.)

The Court will Order Respondents Sessions, Kelly, and Lucero to answer the

TERMPSREF

§ 2241 Petition and respond to the Motion.

## II.     Dismissal of Defendants Osuna and Phelps

In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the United States Supreme Court held that the proper respondent to a habeas petition challenging a petitioner's present physical confinement is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." 542 U.S. at 435. The Supreme Court expressly declined, however, to resolve whether this rule, known as the "immediate custodian rule," applies to petitions filed by aliens detained pending deportation. *Id.* at 435 n.8.

Prior to *Padilla*, the Ninth Circuit declined to apply the immediate custodian rule in a § 2241 petition filed by an immigration detainee. *Armentero v. INS*, 340 F.3d 1058, 1073 (9th Cir. 2003) ("*Armentero I*"). The Ninth Circuit concluded that the Attorney General and the Secretary of Homeland Security were proper respondents, stating that "the most appropriate respondent to petitions brought by immigration detainees is the individual in charge of the national government agency under whose auspices the alien is detained." *Id.* at 1071. After *Padilla* was decided, the Ninth Circuit granted a petition for rehearing in *Armentero I* and withdrew its original opinion. *Armento v. INS*, 382 F.3d 1153 (9th Cir. 2004). Subsequently, the Ninth Circuit dismissed the case on other grounds because the petitioner had absconded. *Armentero v. INS*, 412 F.3d 1088 (9th Cir. 2005) ("*Armentero II*"). Judge Berzon, in dissent, indicated that she would reaffirm the holding in *Armentero I*. *Armentero II*, 412 F.3d at 1090. There is no other Ninth Circuit authority addressing this specific issue.

In the absence of any Ninth Circuit authority precluding Petitioner from naming the Attorney General, the Secretary of Homeland Security, or the ICE Phoenix Field Office Director as Respondents, the Court will require these Respondents to answer the Petition and will not dismiss the Petition for failure to name a proper respondent at this stage of the proceedings. *See Rivera v. Holder*, 307 F.R.D. 539, 544 n.1 (W.D. Wash. 2015) (declining to apply immediate custodian rule in immigration context and noting

1 that the Attorney General, Secretary of Homeland Security, and ICE Field Office
2 Director had been appellants/defendants in a recent Ninth Circuit case where a habeas
3 petitioner challenged his bond hearing); *Bogarin-Flores v. Napolitano*, 2012 WL
4 3283287, at *2 (S.D. Cal. Aug. 10, 2012) (finding Attorney General and Secretary of
5 Homeland Security were proper respondents in § 2241 petition seeking immediate release
6 from ICE detention).  The Court will, however, dismiss Respondents Osuna and Phelps
7 because the rationale articulated in *Armentero I* would not extend to these Respondents.

**IT IS ORDERED:**

(1) Respondents Osuna and Phelps are **dismissed without prejudice**.

(2) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), Motion (Doc. 5), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) **and** to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondents Sessions, Kelly, and Lucero must answer the Petition within **20 days** of the date of service.  Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Respondents Sessions, Kelly, and Lucero must respond to the Motion (Doc. 5) within 20 days of the date of service.

(5) Petitioner may file a reply to the Answer within **30 days** from the date of service of the answer.

(6) Petitioner may file a reply to the response to the Motion within **10 days** of service of the response.

(7) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report

**TERMPSREF**

- 4 -

1   and recommendation.

2   Dated this 31st day of March, 2017.

_____
David G. Campbell
United States District Judge